**DUBINSKY v. BECKER, Collector of Internal Revenue.**

No. 9335.

Circuit Court of Appeals, Eighth Circuit.

March 21, 1933.

Rehearing Denied April 29, 1933.

Chase Morsey, of St. Louis, Mo. (Thomas B. Harlan, of St. Louis, Mo., on the brief), for appellant.

Louis H. Breuer, U. S. Atty., of Rolla, Mo., George C. Dyer, Asst. U. S. Atty., of St. Louis, Mo., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and R. E. Updike, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellee.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

From an adverse judgment in an action by appellant to recover from the local Collector of Internal Revenue this appeal is brought. The taxes are additional income taxes for the year 1922, which were assessed in 1928. The pleaded grounds for recovery are that the taxes "were barred by the statute of limitations and were collected without warrant or authority of law, and by means of restraint and under duress."

Appellant bases his right to recover upon section 607 of the Revenue Act of 1928 (45 Stat. 791, 874 [26 USCA § 2607]),[1] which provides that any tax assessed or paid after the applicable statute of limitation had run shall be considered an overpayment and refunded to the taxpayer if claim therefor be filed within proper time. This tax return was filed March 15, 1923. The additional assessment was on January 14, 1928, and the payment on February 10, 1928. On February 9, 1928 (the day before payment), appellant made written application to the Commissioner of Internal Revenue for execution of a closing agreement under section 1106 (b) of the Revenue Act of 1926 (44 Stat. 9, 113 [26 USCA § 1249 note]),[2] covering this and other years, and on March 12, 1928, such an

[1] "Sec. 607. Effect of Expiration of Period of Limitation Against United States.

Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

[2] Sec. 1106 * * * (b) "If after a determination and assessment in any case the taxpayer has paid in whole any tax or penalty, or accepted any abate-

agreement was executed. Thereafter, a refund claim was rejected.

■■ Thus, the main issue here is whether this closing agreement is operative in the face of section 607. If it is, appellant must lose, if not, he is entitled to recover. The position of appellant is that the closing agreement is not effective for several reasons. One contention is that section 607 "established a new and valuable cause of action in favor of taxpayers in the broadest terms and its operation cannot be limited except that such limitation be found in the same act"; that "closing agreements are not made an exception to or limitation of this right" given by section 607 and that the only exception to section 607 is found in section 611 of the same act (26 USCA § 2611). An act must be construed as an entirety with the purpose of giving as full meaning to all expressions therein as harmony will allow. The present contention is resolved by the express provision in section 606 of the Revenue Act of 1928 (26 USCA § 2606). That section is entitled "Closing Agreements" and deals therewith. Paragraph "(c)" thereof (26 USCA § 2606 note) is: "Section 1106 (b) of the Revenue Act of 1926 is repealed, effective on the expiration of 30 days after the enactment of this Act, but such repeal shall not affect any agreement made before such repeal takes effect." This agreement was made on March 12, 1928, and the 1928 act was approved May 29, 1928. Thus, it is within the exception of the above quoted paragraph. It is inconceivable that Congress would expressly preserve these agreements in section 606 (c) and annihilate a particular class of them in section 607 without clear expression to that effect.

The contentions that the closing agreement was signed by appellant under duress and that the revenue agent who secured the agreement was guilty of malfeasance and misrepresentation are not supported by the evidence.

The judgment is affirmed.

ment, credit, or refund based on such determination and assessment, and an agreement is made in writing between the taxpayer and the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, that such determination and assessment shall be final and conclusive, then (except upon a showing of fraud or malfeasance or misrepresentation of fact materially affecting the determination or assessment thus made), (1) the case shall not be reopened or the determination and assessment modified by any officer, employee, or agent of the United States, and (2) no suit, action, or proceeding to annul, modify, or set aside such determination or assessment shall be entertained by any court of the United States."